IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DEBORAH JEAN BRIDGES                                                                                        PLAINTIFF

        v.                        Civil No.  14-5170

TONY PARANI, Public Defender;
and JUDGE STOREY                                                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *in forma pauperis* and *pro se.*

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA).  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### 1.  Background

At the time she filed this case, the Plaintiff was incarcerated in the Washington County Detention Center.  She was in jail awaiting trial on three counts of terroristic threatening.  (Docs. 1 & 8).

Judge Storey presided over her criminal case.  Tony Parani, a public defender, was appointed to represent the Plaintiff.  According to the Plaintiff, Parani was not doing his job and Judge Storey refused to appoint another attorney for her.  Specifically, she contends she asked to see Parani on multiple occasions and he did nothing but lie to her.  He also demanded a psychological examination and when it was done claimed she was "crazy and a threat to society."

On May 22, 2014, Judge Storey entered an order committing Plaintiff to the custody of the Arkansas State Hospital in Little Rock for lack of fitness to proceed. Plaintiff is currently at the Arkansas State Hospital.

**2. Discussion**

Under PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" Jackson v. Nixon, 747 F.3d 537, 541 (8th Cir. 2014)(quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

This case is subject to dismissal. First, no cognizable claim is stated against Tony Parani. To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived her of a federal right. In Polk County v. Dodson, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, when the claim is that a public defender failed to adequately represent the

client in her criminal proceedings, it does not state a cognizable claim under § 1983. See also Gilbert v. Corcoran, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

Second, Judge Storey is immune from suit. See Mireles v. Waco, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); see also Duty v. City of Springdale, 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." Robinson v. Freeze, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. Mireles, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

### 3. Conclusion

For the reasons stated, I recommend that this case be dismissed as the claims fail to state claims upon which relief may be granted or are against an individual immune from suit. 28 U.S.C. § 1915A(b).

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff**

AO72A
(Rev. 8/82)

**is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of January, 2015.

                                                /s/ *Mark E. Ford*
                                                HON. MARK E. FORD
                                                UNITED STATES MAGISTRATE JUDGE