IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**DEBORAH JEAN BRIDGES**                                                                                              **PLAINTIFF**

v.                                                     Case No. 5:14-CV-05170

**TONY PARANI, Public Defender;**
**and JUDGE STOREY**                                                                                                    **DEFENDANTS**

## ORDER

Currently before the Court is the Report and Recommendation ("R & R") (Doc. 16) of the Honorable Mark E. Ford, United States Magistrate for the Western District of Arkansas, filed in this case on January 22, 2015, regarding a pre-service screening of Plaintiff's Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A. After careful review of the R & R (Doc. 16), Plaintiff Deborah Jean Bridges' ("Bridges") Objections (Doc. 17), and a *de novo* review of the record, the Court finds that Bridges' Objections offer neither law nor fact requiring departure from the Magistrate's findings. Accordingly, the R & R should be, and hereby is **ADOPTED IN ITS ENTIRETY**.

On June 9, 2014, Bridges brought suit pursuant to 42 U.S.C. § 1983 against public defender Tony Parani ("Parani") for failure to adequately represent her in her criminal proceedings, and against Judge Storey for failure to appoint new counsel. Bridges sues Defendants in both their individual and official capacities. Bridges proceeds *pro se* and *in forma pauperis*.

With respect to the claims against Parani, Bridges alleges that he failed to adequately represent her in previous criminal proceedings. Specifically, Bridges contends that she asked to see Parani on multiple occasions, but that he did nothing but lie to her. She also alleges that Parani claimed that she was "crazy and a threat to society," and

according to Bridges, Parani threatened "to send [her] away to Little Rock State Hospital." (Doc. 1, p. 5).

With respect to the claims against Judge Storey, Bridges contends that his refusal to appoint new counsel, and his entry of the order committing Bridges to the custody of the Arkansas State Hospital, subjects him to liability for damages under § 1983. As relief, Bridges seeks both compensatory and punitive damages.

The Magistrate recommends that Bridges' Complaint be dismissed pursuant to the Prison Litigation Reform Act ("PLRA") because: (1) Bridges fails to state a claim upon which relief may be granted against Parani; and (2) Judge Storey is immune from suit.

Bridges objects to the Magistrate's recommendation dismissing her suit, but offers no legal reason in support of her position. Under the PLRA, the Court is obligated to screen cases filed by litigants proceeding *in forma pauperis* prior to service of process being issued. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, a *pro se* complaint is held

to less stringent standards than pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (internal citation and quotation omitted).

However, this case is subject to dismissal, as Bridges has stated no cognizable claim against either Defendant. First, Bridges fails to state a claim under § 1983 against Parani, as she must allege that Parani: (1) while acting under the color of state law, (2) deprived her of a constitutional right. *Alexander v. Hedback*, 718 F.3d 762, 765 (8th Cir. 2013) (internal citation omitted). A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. *Polk Co. v. Dodson*, 454 U.S. 312, 325 (1981). A public defender essentially serves a private function "not by acting on behalf of the State or in concert with it, but rather by advancing 'the undivided interests of his client.'" *Id.* at 314, 318-319 (quoting *Ferri v. Ackerman*, 444 U.S. 193, 204 (1979)). Thus, allegations of ineffective assistance of counsel fail to state a cognizable claim under § 1983. *See also Gilbert v. Corcoran*, 530 F.2d 820, 820 (1976) (conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

Second, Judge Storey is immune from suit, as judges are immune from civil liability for damages when acting within the scope of their jurisdiction. *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is immunity from suit, not just ultimate assessment of damages."); *Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability"). Judicial immunity is only overcome in two situations: (1)

if the challenged act is nonjudicial; or (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11.

Judge Storey's refusal to appoint new counsel is clearly a judicial action, and Bridges does not allege that Judge Storey was acting in the clear absence of jurisdiction. Her Complaint therefore fails to state a claim that overcomes Judge Storey's immunity, and as such, the action should be dismissed in accordance with the Magistrate's findings.

While the Court is mindful that Bridges is acting *pro se,* that the matter before the Court involves dismissal of Bridges' suit, and that the Court must accept the factual matter pleaded by Bridges to be true, the Court finds that Bridges offers no legal reason requiring departure from the Magistrate's findings. Therefore, dismissal of her claim with prejudice is appropriate.

The Report and Recommendations (Doc. 16) is proper and should be and hereby is **ADOPTED IN ITS ENTIRETY**. Plaintiff Deborah Jean Bridges' action is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED this 20th day of March, 2015.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE